UNITED STATES DISTRICT COURT            b
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARSHA WARE, *et al.* | CIVIL ACTION NO. 1:19-CV-00141 |
| VERSUS | JUDGE DRELL |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | MAGISTRATE JUDGE PEREZ-MONTES |

## SUA SPONTE JURISDICTIONAL REVIEW BRIEFING ORDER

Before the Court is a Complaint removed from a Louisiana state court by Defendant State Farm Mutual Automobile Insurance Company. (Doc. 1). Defendant premises federal jurisdiction on diversity of citizenship.

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). This duty persists throughout all phases of the litigation, even after trial and the entry of final judgment. See id. at 506-07.

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008). Further, "when jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged." Getty Oil Corp., a Div. of Texaco, Inc. v. Ins.

Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988). In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).

The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. See Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the single State or foreign state where it has its principal place of business. See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C., 757 F.3d 481, 483 (5th Cir. 2014); Guerrero v. State Farm Mut. Auto. Ins. Co., 181 F.3d 97, *2 (1999). The citizenship of a general partnership depends on that of all partners. See Int'l Paper Co. v. Denkmann Associates, 116 F.3d 134, 135, 137 (5th Cir. 1997). The citizenship of a limited liability company ("L.L.C."), a limited partnership, or other unincorporated association or entity is determined by the citizenships of all its members. See Harvey, 542 F.3d at 1079-80.

Defendant alleges that all Plaintiffs–Marsha Ware, Arthur Lebrane, and Callie Hall–are citizens of Louisiana. (Doc. 1).

Defendant further alleges that State Farm Mutual Automobile Insurance Company is "a corporate entity organized and existing pursuant to the laws of the State of Louisiana," with its principal place of business in Illinois. (Doc. 1). Defendant appears to allege State Farm Mutual Automobile Insurance Company is

2

a citizen of both Louisiana and Illinois, an allegation that would defeat diversity. However, it is not clear which state(s) State Farm Mutual Automobile Insurance Company was incorporated in, or whether it is actually incorporated. If it is not incorporated, the nature of its business organization must be alleged and the citizenship of the relevant partners or members must be provided.

Accordingly, diversity of citizenship at the time of removal is not clear from the pleadings. Therefore, the existence of federal jurisdiction is in question.

The Clerk of Court is DIRECTED to serve a copy of this order upon all parties to this action IMMEDIATELY upon receipt of proof of service or an appearance.

IT IS ORDERED that, no later than **21 days** from service of this Order, Defendant shall file: (1) a Jurisdictional Memorandum stating whether Defendant is incorporated; (2) the nature of its legal organization if it is not incorporated, and a list of all States of which its partners or members are citizens; and (3) a motion for leave to amend the jurisdictional allegations of the Notice of Removal to adequately allege diversity jurisdiction.

IT IS FURTHER ORDERED that Plaintiffs will be allowed **7 days** from receipt of Defendants' memorandum regarding jurisdiction to file a Response.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 19th day of February, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge